PER CURIAM:
Claimants brought this action for vehicle damage which occurred as a result of claimants’ vehicle striking a piece of concrete curb while claimants’ son was driving their vehicle westbound on W.Va. Route 60 in Kenova, Wayne County. W.Va. Route 60 is a road maintained by respondent in Wayne County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on August 21, 1998, at approximately 4:00 p.m., when claimants’ son, Billy Gannon, and a friend of his son, Chad D. Chaffin, were traveling westbound on W. Va. Route 60 at the comer of 8th Street in Kenova, Wayne County. W.Va. Route 60 is a four lane highway, with each side being thirty-four feet including a distance of nine feet to the curb. On the clear day, claimants’ son and his friend were proceeding in the right hand lane, the slow lane, at a speed of thirty miles per hour in claimants’ 1998 Ford Mustang GT.
For the past several months, there had been a piece of concrete curb on W.Va. Route 60. This piece of concrete curb had been along the edge of the road. However, on the day in question, the piece of the curb was partially laying in the road, off to the side, beyond the white line about five inches. The piece of concrete curb was around a parking area to the right of the white line. As claimants’ son came upon the piece of concrete curb, he. was unable to maneuver the vehicle to avoid it because the traffic on the road prevented evasive maneuvering. Claimants’ vehicle collided with the piece of the concrete curb, which twisted around and slid under the vehicle. After the incident, claimants’ vehicle went up against the side walk. The resulting damage to claimants’ vehicle was $557.72, for a tire, rim, and repair to the rocker panel. Claimants’ collision coverage policy had a deductible feature in the amount of $500.00.
Respondent contends that it was not responsible for the damage to claimants’ vehicle. Respondent had no record of any complaints regarding the area of W. Va. Route 60 for which it is responsible. Respondent’s crews patrolled the location in question, but found nothing. According to respondent, it maintains the area from curb to curb, from the pavement of the left edge to the pavement of the right edge. The curb is the responsibility of the city. Anything from the curb inside to the sidewalk is maintained by the city.
The Court has determined that respondent was not negligent in this claim. The right hand lane was wide enough for a driver traveling at a reasonable speed to go around any object. The Court is of the opinion that claimants’ son should have been able to maneuver the vehicle around the concrete curb. Since the Court finds no negligence on the part of respondent, claimants may not recover for the loss sustained to the vehicle.
In view of the foregoing, the Court is of the opinion to and does deny this *73 claim.
Claim disallowed.